Dylan Pollard. ESQ., SBN 180306
KHORRAMI POLLARD & ABIR~ LLP
444 South Flower Street, 33rd Floor
Los Angeles, California 90071
Telephone: (213) 596-6000
Facsimile:  (213) 596-6010

Attorneys for Plaintiff
HEATHER GODDARD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER MARIE GODDARD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF INGLEWOOD, a public entity; OFFICER DOE LINDSAY, in his official and individual capacity; OFFICER DOE BEAK, in his official and individual capacity; CAPTAIN EVE IRVINE, in her official and individual capacity; INGLEWOOD CHIEF OF POLICE JULIUS J. DAVIS, in his official and individual capacity; and UNKNOWN NAMED DEFENDANTS 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. CV 07-05458 SJO (AGRx)<br><br>Hon. S. James Otero<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION IN SUPPORT OF PROTECTIVE ORDER REGARDING THE DEPOSITION OF PLAINTIFF HEATHER GODDARD; [PROPOSED] ORDER THEREON**<br><br>Discovery Cut Off:  8/19/08<br>Pretrial Conference:  11/10/08<br>Trial Date: 11/18/08 |

TO THE CLERK OF COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

　　　WHEREAS, Plaintiff HEATHER MARIE GODDARD (hereinafter "Plaintiff") has filed an original complaint against, among several defendants, including the City of Inglewood alleging causes of action for (1) Violation of

1

Civil Rights [42 U.S.C. Section 1983] under the United States Constitution; (2) Violation of Civil Rights-Municipal Liability —*[Per Monell/Canton];* (3) Negligent Retention, Training and Hiring ; (4) Sexual Assault and Battery; and (5) False Imprisonment;

WHEREAS Plaintiff has specifically alleged in her complaint that she was raped by an on-duty and in-uniform City of Inglewood Police Officer, Donvey Lindsey, and as such, alleges this event has necessarily inflicted significant emotional and psychological distress upon Plaintiff that needs to be addressed moving forward in the discovery process;

WHEREAS, Defendant City of Inglewood has served a notice indicating its desire and intent to depose Plaintiff on videotape and via steno at counsel for City of Inglewood's offices in Glendale, California, to which Plaintiff; by and through her attorneys of records, have served timely objections on numerous grounds which have been the subject of a subsequent meet and confer effort;

WHEREAS, Plaintiff resides out of the state of California, and as such. asserts it would be an economic hardship for her to bear the expense of traveling to Southern California for her deposition as well as the cost of lodgings for that effort;

WHEREAS, as an accommodation, Plaintiff has offered to produce herself for deposition where she resides in the State of Florida, however, counsel for Defendant City of Inglewood have expressed a preference to depose her here in Glendale, California at their offices;

WHEREAS. Plaintiff has agreed to produce herself for deposition, subject to 'the noticing party assuming her reasonable travel expenses, and only under the protection of a protective order governing (1) who may be present at said deposition (2) who may view any videotape of said proceeding, and how said videotape may be disseminated, and (3) the length of Plaintiff's deposition;

WHEREAS *Federal Rules of Civil Procedure, Rule 29* provides that

"[u]nless the court orders otherwise, the parties may stipulate that: (a) a deposition may he taken before any person, at any time or place, on any notice, and in the manner specified.

WHEREAS *Federal Rules of Civil Procedure, Rule 26(c)(1)*, provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance. embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (B) specifying terms, including time and place, for the disclosure or discovery; ... (E) desigating the persons who may be present while the discovery is conducted; [and] (F) requiring that a deposition he sealed and opened only on court order;" AND

WHEREAS *Local Rule 7-1* provides that "[s]tipulations will be recognized as binding only ... when filed in the proceeding" and that "[w]ritten stipulations affecting the progress of the case shall be filed with the Court, be in the form provided by L.R. 52-9, and will not be effective until approved by the judge...

WHEREAS all parties to this Stipulation, by and through their counsel of records, have engaged in a. thorough meet and confer process wherein all issues herein where discussed at length.

Plaintiff and Defendants, and each of them, by and through their respective attorneys of records, HEREBY STIPULATE AS FOLLOWS:

1.  Plaintiff's deposition shall proceed at the office of counsel for Defendant City of Inglewood, located at 100 W. Broadway, Suite 1200, Glendale, California 91210, at a mutually agreeable date and time.

2.  Within five (5) business days of the date this stipulation is entered as an Order by the Court, Plaintiff shall provide Defendant City of Inglewood with at least three (3) dates on which she is available to commence the deposition.

3.  Within five (5) business days of the date this stipulation is entered as an Order by the Court, Defendant City of Inglewood shall provide Plaintiff with a budget for reasonable air fare and lodging (up to three (3) nights) for the purpose

of attending the deposition and mental examination.[1]  Defendant City of Inglewood shall assume such expenses, not to exceed the budget provided to Plaintiff by Defendant City of Inglewood pursuant to this Order.  Plaintiff agrees that the City will assume Plaintiff's air travel and hotel expenses only, and will not assume incidental expenses including, but not limited to, Plaintiff's meals. Plaintiff's air travel and lodging arrangements shall be made by counsel for Plaintiff, and submitted to counsel for City of Inglewood for reimbursement no later than ten (10) business days after the conclusion of the later of (1) Plaintiff's deposition or (2) Any defense mental examination that may occur.

      4.     Other than the Court Reporter, Videographer, Plaintiff, Plaintiff's Counsel, and the counsel for Defendants identified below, no other individual shall be allowed to attend Plaintiffs deposition, including any individually named Defendant, or employee for the City of Inglewood. Plaintiff agrees that she will not attend the deposition of Defendant Lindsey. A representative from the City of Inglewood City Attorney's office may attend, in addition to the City of Inglewood's private counsel, provided that no later than three *(3) business* days prior to the date set for said deposition, counsel for City of Inglewood provide the name of any such individual in writing to Plaintiff's counsel.

      5.     The parties agree that plaintiff's deposition testimony shall be treated as confidential pursuant to the terms of this protective order. The deposition transcript, including any videotape of the deposition, may only be disclosed or shown to the following persons:

---

[1] Defendant City of Inglewood has requested that Plaintiff stipulate to a mental examination pursuant to Fed.R.Civ.P. Rule 35.  A stipulation and/or motion seeking such mental examination will be filed shortly.  In the interest of economy, and to avoid duplication of Plaintiff's travel expenses, it has been proposed that the mental examination take place during the same trip that the deposition take place. Plaintiff Goddard expressly reserves the right to object to the nature and scope of any such examination, after receiving formal notice of said examination

4

(a) counsel for any party to this action, including counsel retained by any party for criminal defense purposes;

(b) paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph (a);

(c) court personnel including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial in this action;

(d) any outside expert, investigator, or consultant retained in connection with this action, and not otherwise employed by either parties ;

(e) any "in-house" or outside experts designated by the defendants to testify at trial in this matter; and

(f) any party to this Action,

unless and until the Court makes a written order to the contrary.

6. Unless otherwise stipulated by the parties or ordered by the Court, Plaintiff's deposition will take no longer than seven (7) hours and will proceed over two consecutive days. The first day shall begin no later than 10:00 a.m. and be concluded by 5:00 p.m. the same day, with at least one hour designated as a meal break. Defendants reserve the right under Federal Rules of Civil Procedure, Rule 30(d)(1) to request additional time, if needed, and upon a showing of good cause, to fairly examine Plaintiff or if Plaintiff, another person, or any other circumstance impedes or delays the deposition.

Dated: ~~March~~ April 2, 2008      FRANSCELL, STRICKLAND,
                                     ROBERTS & LAWRENCE

                                     By _____
                                     Michael D. Allen, Esq.
                                     Scott F. Caron, Esq.
                                     Attorneys for Defendant
                                     CITY OF INGLEWOOD

Dated: April 9, 2008          MANNING & MARDER et al.

By: _____
    Eugene Ramirez, Esq.
    Timothy J. Kral
    Attorneys for Defendant
    DONVEY LINDSEY

Dated: April 10, 2008         KHORRAMI, POLLARD & ABIR, LLP

By: _____
    Dylan F. Pollard, Esq.
    Matt Bailey, Esq.
    Attorneys for Plaintiff
    HEATHER MARIE GODDARD

BASED ON THE FOREGOING, AND GOOD CAUSE SHOWING, **IT IS SO ORDERED:**

DATED: _____

_____
HON. ALICIA ROSENBERG,
UNITED STATES MAGISTRATE
JUDGE

1  SUBMITTED BY:
2
3  DYLAN POLLARD, ESQ., SBN 180306
   KHORRAMI POLLA1W & ABIR, LLP
4  444 South Flower Street, 3? Floor
   Los Angeles California 90071
5  Telephone:  (213) 596-6000
6  Facsimile:   (213) 596-6010Attorneys for Plaintiff
7  HEATHER GODDARD
8
9  MICHAEL D. ALLEN, State Bar No. 198126
   SCOTT E. CARON, State Bar No. 227871
10 FRANSCELL STRICKLAND, ROBERTS & LAWRENCE
11 A Professional Corporation
   100 West Broadway, Suite 1200
12 Glendale. CA 91210-1219
13 Telephone No. (818) 545-1925
   Facsimile No. (818)-545-1937
14
15
   Attorneys for Defendant
16 CITY OF INGLEWOOD, OFFICER BRANDON BEAK, CAPTAIN EVE
17 IRVINE, and CHIEF OF POLICE JULIUS I. DAVIS
18
19 EUGENE P. RAMIREZ. State Bar No. 134865
   TIMOTHY J. KRAL. State Bar No. 200919
20 MANNING & MARDER, KASS, ELLROD, RAMIREZ LLP
21 801 S. Figueroa Street.  23RD FLOOR
   Los Angeles CA 90017
22 Telephone No. (213) 624-6900
23 Facsimile No. (213)-624-6999
24
25 Attorneys for Defendant
   OFFICER DONVEY LINDSEY
26
27
28

7

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 444. S. Flower Street, 33rd Floor, Los Angeles, CA 90071.

On April 9, 2008, I served the foregoing:

**JOINT STIPULATION IN SUPPOSRT OF PROTECTIVE ORDER REGARDING THE DEPOSITION OF PLAINTIFF HEATHER GODDARD; [PROPOSED] ORDER THEREON**

on the interested parties below by enclosing a copy in a sealed envelope addressed as follows:

MICHAEL D. ALLEN, State Bar No. 198126
SCOTT E. CARON, State Bar No. 227871
FRANSCELL, STRICKLAND, ROBERTS & LAWRENCE
A Professional Corporation
100 West Broadway, Suite 1200
Glendale, CA 91210-1219
*Attorneys for Defendants, City of Inglewood, Eve Irvine, Julius Davis and Brandon Beak*

EUGENE P. RAMIREZ, ESQ.
TIMOTHY J. KRAL, ESQ.
Manning & Marder, Kass, Ellrod, Ramirez, LLP
801 South Figueroa Street, 23rd Floor
Los Angeles, CA 90017
*Attorneys for Defendant, Donvey Lindsey*

/ X / ( MAIL)    I placed the envelope for collection and mailing on the date shown above, at this office, in Van Nuys, California, following our ordinary business practices.

I am readily familiar with this office's practice of collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in a sealed envelope with postage fully prepaid.

/  /    (BY PERSONAL SERVICE)    I delivered such envelope by hand to offices of addressee(s).

/ /    (STATE)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/ X /    (FEDERAL)    I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 9, 2008 at Los Angeles, California.

_____
DYLAN POLLARD