1 | MICHAEL D. ALLEN, State Bar No. 198126
E-Mail: mallen@ lbaclaw.com
2 | SCOTT E. CARON, State Bar No. 227871
E-Mail: scaron@lbaclaw.com
3 | LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
4 | Glendale, CA 91210-1219
Telephone No. (818) 545-1925
5 | Facsimile No. (818)-545-1937

6 | Attorneys for Defendants
CITY OF INGLEWOOD, BRANDON BEAK,
7 | EVE IRVINE and JULIUS DAVIS

8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | HEATHER MARIE GODDARD,      )   Case No. CV 07-05458 SJO (AGRx)
                               )
13 |                           )   Hon. Alicia G. Rosenberg
          Plaintiff,           )
14 |                           )
     vs.                       )   **STIPULATION FOR DEFENSE**
15 |                           )   **MEDICAL EXAMINATION**
                               )   **PURSUANT TO FED. R.CIV.P.**
16 | CITY OF INGLEWOOD, et al., )   **RULE 35**
                               )
17 |                           )
          Defendants.          )
18 |                           )
                               )
19 | _____  )

20 | **STIPULATION**

21 |       IT IS HEREBY STIPULATED, by and between the parties, through their

22 | respective attorneys of record, as follows:

23 |       1.      That Plaintiff HEATHER MARIE GODDARD will submit to a

24 | defense medical examination regarding her claimed psychological, mental, and

25 | emotional injuries, pursuant to Fed.R.Civ.P. Rules 26 and 35, under the conditions

26 | set forth below.  The purpose of this examination is to determine the extent of

27 | Plaintiff's psychological, mental, and emotional status prior to and after the events

28 | in question.

1

1        2.     This mental examination will be conducted by Dr. David Glaser, M.D.,

2  of Cal Psych FMT.  The examination will take place at the office of Dr. Glaser,

3  located at 16530 Ventura Blvd., Suite 200, Encino, CA 91436.

4        3.     This mental examination shall take place on June 6, 2008, or on another

5  mutually convenient date to Dr. Glaser and the Plaintiff, commencing at 9:00 a.m.

6  and continuing until 5:00 p.m.

7        4.    This mental examination will consist of the following:

8           a.    Plaintiff shall cooperate and participate in a face-to-face clinical

9  interview to be conducted by Dr. Glaser.  Dr. Glaser shall be entitled to inquire into

10  Plaintiff's experience of the injurious events at issue in this action; problems and

11  symptoms related to these events; treatment history; current and recent functioning;

12  psychosocial history; medical history; and developmental history.  If prior medical

13  records exist for the claimed injuries, they are to be made available to Dr. Glaser

14  pursuant to Fed.R.Civ.P. 26 and 35.

15           b.    Plaintiff shall cooperate and participate in the administration of

16  one or more of the following objective psychological tests, all of which are

17  standardized, published, and accepted in the field of psychology: MMPI-2;

18  MCMI-III; Shipley Institute of Living Scale; Memory Assessment Scales; PAI;

19  MPS; SIMS; VSVT; VIP; Beck Depression Inventory - II ; Beck Anxiety Inventory;

20  Beck Hopelessness Scale; Personality Assessment Screener; Wechsler Memory

21  Scale - III; Rey Osterrieth Complex Figure Test; Rey Auditory Verbal Learning

22  Test; Trail Making Test Parts A & B; Symbol Digit Modalities Test; Wechsler

23  Adult Intelligence Scale - III; and Peabody Picture Vocabulary Test - III.

24  The determination of which of these standardized tests Dr. Glaser shall administer to

25  Plaintiff during the mental examination shall be dependent upon Plaintiff's report of

26  symptoms and problems to Dr. Glaser during the face-to-face clinical interview.

27  //

28

1    5.    This mental examination of Plaintiff shall not involve any painful or
2    protracted procedures.

3    6.    The duration of this mental examination takes into account allowing
4    Plaintiff enough time to complete the psychological tests and clinical interview, and
5    allowing Plaintiff to take breaks, including a lunch break.

6    7.    Dr. Glaser shall record this mental examination by audio tape or digital
7    recorder. A copy of the recording shall be provided to Plaintiff's counsel. Plaintiff
8    is permitted to bring her own recording device to record the interview. Other than
9    Dr. Glaser and the necessary members of his staff, no other individual shall be
10   allowed to attend Plaintiff's defense mental examination, including but not limited
11   to any individually named Defendant, any employee for the City of Inglewood
12   and/or any attorney for any Defendant. Any individuals who are present at the
13   defense mental examination shall immediately identify themselves to plaintiff.
14   Should Plaintiff believe, at the time of the examination, that any Defendant is in
15   violation of this provision, counsel for Plaintiff will immediately contact counsel for
16   Defendants in an attempt to resolve the matter. Should the parties be unable to
17   reach an informal resolution, counsel for Plaintiff will arrange a telephonic
18   conference with the Magistrate Judge, who will retain jurisdiction on the date of the
19   examination to resolve any disputes arising from this stipulation, to resolve the
20   matter for the parties.

21   8.    Defendant City of Inglewood shall bear the costs of this mental
22   examination.

23   9.    Plaintiff shall respond as required by Fed.R.Civ.P. Rules 26 and 35.

24   10.    The results of this mental examination, including any reports or other
25   documents prepared by Dr. Glaser or Dr. Glaser's office in connection with this
26   mental examination, shall remain confidential. Said results, and all documents
27   reflecting or referring to those results, shall not be disclosed, disseminated, or
28

3

conveyed in any way to anyone except as provided herein.  The results may be disclosed to the following persons and/or entities:

      (a)    counsel for any party to this action, including counsel retained by any party for criminal defense purposes;

      (b)    paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph (a);

      (c)    court personnel including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial in this action;

      (d)    any outside expert, investigator, or consultant retained in connection with this action, and not otherwise employed by either parties;

      (e)    any in-house or outside experts designated by the defendants to testify at trial in this matter; and

      (f)    Defendant City of Inglewood.

///
///
///
///
///
///
///
///
///
///
///
///

4

1      11.    The terms of Paragraph 10 of this stipulation will in no way affect any

2  party's right to use said documents in the trial of this action, to disclose the results to

3  any party's designated expert witnesses, or to file the results with the Court in

4  connection with any motions, applications or other pre-trial proceedings in the

5  above entitled action.  Should the results, or any documents reflecting or referring to

6  those results, be filed with the Court in connection with any motions, applications or

7  other pre-trial proceedings, they shall be filed concurrently with a written

8  application to seal the subject material.  Pending a ruling on the application, the

9  papers are to be filed consistent with Local Rule 79-5.1.

Dated:  May 27, 2008           LAWRENCE BEACH ALLEN & CHOI, PC

By _____
      Michael D. Allen
      Scott E. Caron
Attorneys for Defendants
CITY OF INGLEWOOD; INGLEWOOD
POLICE DEPARTMENT; OFFICER
BRANDON BEAK; CAPTAIN EVE
IRVINE; CHIEF ULIUS DAVIS

Dated:  April __, 2008          MANNING & MARDER,
                          KASS, ELLROD, RAMIREZ, LLP

By_____
      Eugene P. Ramirez
      Timothy J. Kral
Attorneys for Defendant
DONVEY LINDSEY

5

1    11.   The terms of Paragraph 10 of this stipulation will in no way affect any

2  party's right to use said documents in the trial of this action, to disclose the results to

3  any party's designated expert witnesses, or to file the results with the Court in

4  connection with any motions, applications or other pre-trial proceedings in the

5  above entitled action.  Should the results, or any documents reflecting or referring to

6  those results, be filed with the Court in connection with any motions, applications or

7  other pre-trial proceedings, they shall be filed concurrently with a written

8  application to seal the subject material.  Pending a ruling on the application, the

9  papers are to be filed consistent with Local Rule 79-5.1.

10

11

12  Dated:  April __, 2008                    FRANSCELL, STRICKLAND,
                                              ROBERTS & LAWRENCE
13

14                                           By_____

15                                                 Michael D. Allen
                                                   Scott E. Caron
                                             Attorneys for Defendants
16                                           CITY OF INGLEWOOD; INGLEWOOD
                                             POLICE DEPARTMENT; OFFICER
17                                           BRANDON BEAK; CAPTAIN EVE
                                             IRVINE; CHIEF ULIUS DAVIS
18

19  Dated:  April 22, 2008                   MANNING & MARDER,
                                             KASS, ELLROD, RAMIREZ, LLP
20

21

22                                           By_____

23                                                 Eugene P. Ramirez
                                                   Timothy J. Kral
24                                           Attorneys for Defendant
25                                           DONVEY LINDSEY

26

27

28

5

6

1   Dated: ~~April~~ *May* 23, 2007          KHORRAMI, POLLARD & ABIR, LLP

2

3                                            By_____

4                                               Dylan F. Pollard
                                             Attorneys for Plaintiff
5                                            HEATHER MARIE GODDARD

6

7                                 **ORDER**

8          Based on the foregoing stipulation of the parties, and good cause showing, IT

9   IS SO ORDERED.

10

11

12

13  Dated: _____    _____

14                                     HONORABLE ALICIA G. ROSENBERG
                                       United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        6

## PROOF OF SERVICE

**STATE OF CALIFORNIA; COUNTY OF LOS ANGELES**

I, Brooke Moyer, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 100 West Broadway, Suite 1200, Glendale, California  91210-1219.

On May 27, 2008, I served the foregoing **STIPULATION FOR DEFENSE MEDICAL EXAMINATION PURSUANT TO FED. R.CIV. P. RULE 35** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Dylan F. Pollard, Esq.
Khorrami, Pollard & Abir, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071

Timothy J. Kral
Manning& Marder, Kass, Ellrod, Ramirez, LLP
801 South Figueroa Street, 15th Floor
Los Angeles, CA  90017

**BY MAIL** as follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business.  I am aware that on motion of the party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 27, 2008, at Glendale, California.

_____
Brooke Moyer