## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05458-SJO (AGRx) | Date | February 4, 2009 |
|---|---|---|---|
| Title | Heather Marie Goddard vs. City of Inglewood, et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

**Proceedings:** RE PLAINTIFF'S MOTION FOR (1) PROTECTIVE ORDER AND (2) ORDER COMPELLING PRODUCTION OF DOCUMENTS

On January 13, 2009, Plaintiff filed an amended notice of motion for protective order and for order compelling production of documents. (Dkt. No. 58.) On January 19, 2009, Plaintiff filed a supplemental memorandum. (Dkt. No. 68.) On January 20, 2009, Defendants filed a supplemental memorandum. (Dkt. No. 73.) A hearing was held on February 3, 2009.

This action has been stayed since June 26, 2008. (Dkt. Nos. 48, 53.) The stay was lifted by order dated January 7, 2009. (Dkt. No. 57.)

*Protective Order*

Defendants do not object to producing the internal investigation files of the underlying incident subject to an appropriate protective order. (JS at 6.)

Plaintiff's request for an order compelling production of documents without a protective order is denied. Defendants have made a particularized showing of good cause for issuance of a protective order pursuant to Fed. R. Civ. P. 26(c). *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

The parties disagree as to the terms and conditions of a protective order, and request that the court choose among alternative protective orders. However, the alternative protective orders are rejected for the following reasons:

1. As Plaintiff correctly notes, a protective order may properly place the burden on the producing party to determine which documents warrant designation as confidential in the first instance. *See Keith H. v. Long Beach Unified School District*, 228 F.R.D. 652, 660 (C.D. Cal. 2005). The alternative – a protective order tailored to specific documents – is unworkable in that it would require a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05458-SJO (AGRx) | Date | February 4, 2009 |
|---|---|---|---|
| Title | Heather Marie Goddard vs. City of Inglewood, et al. | | |

separate protective order every time a new group of documents is produced. Given the parties' inability to agree to one protective order, the alternative would likely cause unnecessary delay due to repeated judicial intervention. *See id.* The alternative is rejected.

    2.    The parties disagree as to who bears the burden of filing a Local Rule 37 motion if there is disagreement as to whether particular documents warrant designation as confidential (or attorneys eyes only) pursuant to the protective order. Absent agreement of the parties, the protective order will reflect the Local Rules.

The non-expert discovery cut-off date in this matter is April 13, 2009. (Dkt. No. 57.) As the parties are aware, this is "the date by which all discovery is to be completed." (Standing Order ¶ 16.a, Dkt. No. 4.) Significantly, discovery motions "must be filed, served and calendared sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date, if the motion is granted." (*Id.*)

Accordingly, the protective order will provide that a party objecting to the production of documents labeled "confidential" under the terms of the protective order shall serve written notice of its objection to the designating party in compliance with Local Rule 37-1. The objecting party must do so sufficiently in advance of the discovery cut-off date to permit compliance with Local Rule 37 in noticing a motion to remove the confidentiality designation for hearing prior to the discovery cut-off date. Plaintiff's proposal that the designating party be the "moving party" for purposes of Local Rule 37 is unworkable. Under Plaintiff's proposal, an objecting party could delay notice of objection until it was too late for the designating party to respond by obtaining relief through Local Rule 37 procedures.

To be clear, however, the designating party bears the burden of making, for each document it seeks to protect, a particularized showing of good cause for the confidentiality designation under the protective order. *Kamakana*, 447 F.3d at 1180. As Defendants note, such a showing may be straightforward with respect to certain types of documents. (JS at 14-15.) Nevertheless, the burden of showing good cause remains with the designating party.

    3.    The protective order must provide that documents used at trial will become public unless a separate court order is obtained upon noticed motion and sufficient cause shown.

    4.    The provision that the Court retain jurisdiction indefinitely after termination of this action is rejected.

    5.    As discussed at oral argument, the protective order must contain a provision for designation of documents as "attorneys eyes only." Documents designated attorneys eyes only documents may be disclosed to counsel and expert witnesses who require such information to formulate an opinion, but not to a receiving party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05458-SJO (AGRx) | Date | February 4, 2009 |
|---|---|---|---|
| Title | Heather Marie Goddard vs. City of Inglewood, et al. | | |

The parties may submit a protective order that complies with this order within seven days of the date of this order. Defendants shall produce the 72 documents listed in Ex. K within seven days after entry of the protective order by this court.

*Individual Document Request Nos. 16-18, 20-27, 32-35, 64*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Plaintiff argues that she should not bear the burden of showing the relevance of her document requests to a claim or defense because she does not know what the Defendants' files contain. (JS at 22.) Plaintiff does not explain how her situation is different from other parties to civil litigation who do not know what is in their opponent's files yet bear the burden of showing relevance under Fed. R. Civ. P. 26(b). Nor does the case she cites, *Kelly v. City of San Jose*, 114 F.R.D. 653 (N. D. Cal. 1987), support her argument. Although the court in *Kelly* cautioned against imposing "demanding standards" on a plaintiff who does not know what is in police files, the court stated "it should be sufficient for a plaintiff to show how information of the *kind* that is likely to be in the files could lead to admissible evidence." *Id.* at 668 (emphasis in original). Plaintiff's argument that *Kelly* eliminated her burden of showing relevance and required her to show only that the requested documents are of a kind likely to be in the department's files is, therefore, incorrect.

Federal common law recognizes a qualified privilege for official information. *Kerr v. United States District Court*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976). To determine whether the information sought is privileged, courts must conduct a case-specific balancing, weighing the potential benefits of disclosure against the potential disadvantages. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). The factors include: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case. *Estate of Bui v. City of Westminster Police Dep't*, 244 F.R.D. 591, 595-96 (C.D. Cal. 2007) (citing *Kelly v. City of San Jose*, 114 F.R.D. 653, 663 (N.D. Cal. 1987)). Privileges are narrowly construed, and doubts are resolved in favor of disclosure. *Miller v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05458-SJO (AGRx) | Date | February 4, 2009 |
|---|---|---|---|
| Title | Heather Marie Goddard vs. City of Inglewood, et al. | | |

*Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

The party claiming the privilege must make a "substantial threshold showing." *Kelly*, 114 F.R.D. at 669. In particular, the party must provide a declaration from a responsible official in the agency that (1) attests that the agency generated or collected the information sought and has maintained its confidentiality; (2) states that the official has personally reviewed the materials in question; (3) identifies specifically the governmental or privacy interests that would be harmed by disclosure; (4) describes how disclosure subject to a carefully crafted protective order would still risk harm to those interests; and (5) projects the level of harm to those interests if disclosure would be made. *Id.* at 670.

When, as here, the responding party objects to the scope of the document requests, there is a question as to when a privilege log of documents encompassed by the objection must be produced under Fed. R. Civ. P. 26(b)(5). The Advisory Committee Notes to the 1993 Amendments to Fed. R. Civ. P. 26 state:

> The obligation to provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.' If a broad discovery request is made – for example, for all documents of a particular type during a twenty year period – and the responding party believes in good faith that production of documents for more than the past three years would be unduly burdensome, it should make its objection to the breadth of the request and, with respect to the documents generated in that three year period, produce the unprivileged documents and describe those withheld under the claim of privilege. If the court later rules that documents for a seven year period are properly discoverable, the documents for the additional four years should then be either produced (if not privileged) or described (if claimed to be privileged).

In other words, when, as here, there is an objection to the scope of the request, a court should rule on the objections first. "If the court finds that the document is within the scope of the objection, and the court overrules the objection, it must then give the party an opportunity to list the document on a privilege log pursuant to Rule 26(b)(5)." *United States v. Philip Morris, Inc.*, 347 F.3d 951, 954, 358 U.S. App. D.C. 226 (D.C. Cir. 2003). The Ninth Circuit similarly requires a court to examine factors in determining the timeliness of a privilege log, including the existence of "exhaustive and simultaneous discovery requests," that may make compiling a privilege log difficult in a particular case. *Burlington Northern & Santa Fe Ry. v. United States District Court*, 408 F.3d 1142, 1149 & n.3 (9th Cir. 2005). Plaintiff's argument that Defendants have waived privileges due to an untimely and/or insufficient affidavit and privilege log is rejected.

Although there is no federal common law privilege akin to the right of privacy, "'[f]ederal courts ordinarily recognize a constitutionally based right of privacy that can be raised in response to discovery requests.'" *Keith H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005) (citation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05458-SJO (AGRx) | Date | February 4, 2009 |
|---|---|---|---|
| Title | Heather Marie Goddard vs. City of Inglewood, et al. | | |

omitted); *see A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006). "'Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted.'" *Keith H.*, 228 F.R.D. at 657 (citation omitted). Privacy issues can be addressed by redaction. *See Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). However, the privacy interest in an officer's prior involvement in disciplinary proceedings or complaints against an officer are not substantial and do not render documents immune from discovery. *See King v. Conde*, 121 F.R.D. 180, 191 (E.D.N.Y. 1988). Here, the privacy concerns are duplicative of many issues analyzed in the context of the official information privilege and, therefore, do not alter the analysis in this case.

With these principles in mind, we turn to the individual document requests.

Request Nos. 16-17: Plaintiff argues that she "has the right to scrutinize every aspect of his [Defendant Lindsey's] personnel file to determine if anything relevant to her claims exists therein." (JS at 66.) Plaintiff alleges she was coerced into having sex with Defendant Lindsey in December 2006 while Defendant Beak waited in the patrol car after participating in her initial detention. Further, Plaintiff alleges a *Monell* claim. (JS at 1-2.)

Plaintiff has not made a showing of relevance as to the entire personnel files. With respect to alleged sexual misconduct incidents involving Defendants Lindsey and Beak, such documents are "relevant" and discoverable. *See Melendez v. Greiner*, 2003 U.S. Dist. LEXIS 19084, at *11 (S.D.N.Y. 2003) (collecting cases); *Mueller v. Walker*, 124 F.R.D. 654, 658 (D. Or. 1989) (permitting discovery of similar incidents but denying discovery as to unrelated violations of regulations or procedures); *Escalante v. City of Delano*, 2006 U.S. Dist. LEXIS 33656 at *9-*10 (E.D. Cal. 2006) (same).

In addition, training records, performance evaluations and commendations of Lindsey and Beak are relevant to issues of notice to the employer and ratification by the employer. *See Soto v. City of Concord*, 162 F.R.D. 603, 614-17 (N.D. Cal. 1995). All personal information of the officers, including social security number, address, driver's license number, phone number, and like information may be redacted. In addition, performance evaluations and commendations may be designated "attorneys eyes only" under the protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984) (protective order may be used to protect privacy interests of litigants and third parties). The remaining documents in the personnel file concerning payroll, benefits, etc., are not relevant to this action. *See Kassab v. San Diego Police Department*, 2008 U.S. Dist. LEXIS 72619 at *8-*9 (S.D. Cal. 2008).

Request No. 18: The vast majority of Irvine's personnel file consists of payroll, benefits, maternity leave, etc., and have no relevance to this action. Irvine is not alleged to have been personally involved in the underlying incident. During the period in which Irvine became Captain, there is one IPD Supervisor Performance Evaluation for the time frame 1/31/03 through 6/30/05. (Ex. L at 140.) The court will order its production only to the extent that it contains information regarding Irvine's knowledge, or evaluation, of sexual misconduct incidents in the IPD. All personal information of the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05458-SJO (AGRx) | Date | February 4, 2009 |
|---|---|---|---|
| Title | Heather Marie Goddard vs. City of Inglewood, et al. | | |

Captain, including social security number, address, driver's license number, phone number, and like

information may be redacted. In addition, the performance evaluation may be designated "attorneys eyes only" under the protective order.

Request Nos. 20-27: This group of requests seeks all documents related to any complaint, and investigation taken regarding a complaint, lodged against Defendants Lindsey, Beak, Irvine, and Davis within the past 10 years. Plaintiff's motion to compel is denied as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b); *see Santos v. City of Culver City*, 228 Fed. Appx. 655, 657 (9th Cir. 2007).

Putting aside the internal affairs file for the incident at issue (which is being produced pursuant to protective order), Defendant Lindsey has four internal affairs files for failure to report to work assignment on time, on-duty traffic collision (two), and use of force. (Ex. L at 104-06, 108-15.) The use of force file does not relate to a sexual misconduct incident, which was confirmed by defense counsel at oral argument. (*Id.* at 110-15.) Plaintiff makes no showing that these files are reasonably calculated to lead to the discovery of admissible evidence.

Defendant Beak has four internal affairs files for an on-duty traffic collision, firing a weapon at an attacking dog, partiality/bias, and discourtesy. (*Id.* at 101-03, 106-08, 161.) Plaintiff makes no showing that these files are reasonably calculated to lead to the discovery of admissible evidence. *See Bartolome v. City & County of Honolulu*, 2008 U.S. Dist. LEXIS 53398, at *36 (D. Haw. 2008) (affirming denial of discovery; police rudeness is not relevant to allegations of excessive force).

Defendant Irvine has one internal affairs file for an on-duty traffic collision. (Ex. L at 160.) Plaintiff makes no showing that this file is reasonably calculated to lead to the discovery of admissible evidence.

Defendant Davis has no internal affairs files.

Request Nos. 32-35: These requests seek all documents related to allegations of sexual misconduct by City of Inglewood police officers at massage and/or tanning parlors "as was disclosed at the news conference held by Julius Davis on or about February 12, 2007," including every complaint, every investigation, and conclusions of every investigation. The responsive internal affairs files at issue are listed on Defendants' privilege log.

Plaintiff alleges she was accused of being a prostitute and was coerced into having sex with Defendant Lindsey by fear of arrest or other harm in December 2006. Plaintiff argues the complaints and investigations into sexual misconduct by some police officers at massage and/or tanning parlors are reasonably calculated to lead to the discovery of admissible evidence as to her *Monell* claim.

The court agrees that the allegations involving massage/tanning parlors are sufficiently similar to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05458-SJO (AGRx) | Date | February 4, 2009 |
|---|---|---|---|
| Title | Heather Marie Goddard vs. City of Inglewood, et al. | | |

establish relevance under Fed. R. Civ. P. 26(b)(1). At oral argument, Defendants stated a willingness to produce the massage/tanning parlor internal affairs files if they involved "nonconsensual" sex, but contend that all of the files involve "consensual" sex. The existence of consent, however, is often a disputed issue. Looking at the same set of facts, defense counsel may draw an inference of consent, whereas Plaintiff's counsel may draw an inference of nonconsensual sex. Under the peculiar facts of this case, and given Plaintiff's narrowly tailored document requests,[1] consent cannot define the scope of relevant discovery and Defendants' request for *in camera* review is denied.

Defendants' request that the court limit the time frame for production to December 2001 through December 2006 is rejected. Defendants could not inform the court whether such a time limitation would actually exclude any incidents, but felt certain that no incident is more than 10 years old. That is within a discoverable time frame. *See Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 411 (C.D. Cal. 2005). "Post event evidence" that is not too remote in time may be used to prove the existence of a municipal policy in effect in a prior time frame. *See Henry v. County of Shasta*, 132 F.3d 512, 518 (9th Cir. 1997). Again, given the narrowly tailored document requests directed to the massage/tanning parlor incidents, Defendants have not rebutted Plaintiff's showing of relevance.

Defendants invoke the official information privilege. The main declaration by Lt. Salcedo was prepared when the Plaintiff was seeking all internal affairs files and does not specifically address the massage/tanning parlor files. Lt. Salcedo's supplemental declaration notes that some internal affairs files remain pending and would involve a substantial amount of time to copy. (Salcedo Supp. Decl. ¶¶ 4-5.)

The court finds that the Plaintiff's interest in discovery outweighs any interest in confidentiality. Plaintiff argued that the former Chief of Police held a press conference about the issue, the identity of at least one involved police officer is public, and the Department publicized that seven police officers were terminated. For the reasons stated in *Estate of Bui*, 244 F.R.D. at 595-96, it is unlikely that permitting discovery in this case would have a chilling effect on officer candor in internal affairs investigations or governmental self evaluation. No officer is alleged to be a defendant in any criminal proceeding. Defendants have not identified any specific files that remain pending (as distinguished from possible appeals from the Department's decisions). By contrast, as discussed above, Plaintiff has shown that the information is relevant to her *Monell* claim and does not appear to be available from any other source. Applying all of the *Kelly* factors, the official information privilege and federal common law privacy concerns do not justify denying discovery of the massage/tanning parlor internal affairs files that are the subject of Request Nos. 32-35.

---

[1] It bears emphasis that the Plaintiff is ***not*** seeking internal affairs files for all sexual misconduct incidents involving all Inglewood police officers. Instead, Plaintiff has focused on a particular subcategory, the massage/tanning parlor incidents, that were the focus of a press conference by the former Chief of Police within two months of the alleged incident involving Plaintiff and that she alleges may involve similar conduct to what she experienced.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05458-SJO (AGRx) | Date | February 4, 2009 |
|---|---|---|---|
| Title | Heather Marie Goddard vs. City of Inglewood, et al. | | |

    Defendants are ordered to make the responsive internal affairs files available for inspection by Plaintiff's counsel (and experts if counsel so chooses) on an attorneys eyes only basis within 20 days after entry of a protective order. Plaintiff's counsel shall designate those documents that it wishes to have copied. The parties shall meet and confer as to a schedule for copying, including prioritizing the copying of some files before others and production on a rolling basis if feasible and appropriate. The copies may be designated "attorneys eyes only" under the protective order.

    <u>Request</u> <u>No.</u> <u>64</u>: It appears that defendants have agreed to produce documents responsive to this document request. (Ex. K at 7-8.) The parties are ordered to meet and confer within seven days of the date of this order as to production of documents responsive to this document request.

    IT IS HEREBY ORDERED that Plaintiff's motion for protective order and for order compelling production of documents is GRANTED IN PART as follows:

1. The parties shall meet and confer regarding a proposed protective order for submission to the court within seven days of the date of this order. The proposed protective order shall comply with this order as set forth above.

2. Defendants shall produce the 72 documents listed in Ex. K within seven days after entry of the protective order by this court.

3. Defendants shall produce documents responsive to Document Request Nos. 16-18 and 64 to the extent set forth above within 20 days after entry of the protective order by the court. Defendants shall produce documents responsive to Document Request Nos. 32-35 for inspection as set forth above within 20 days after entry of the protective order by the court. The parties shall meet and confer regarding a schedule for production of copies designated by Plaintiff after inspection as set forth above.

4. Plaintiff's motion to compel documents responsive to Document Request Nos. 20-27 is denied.

5. Plaintiff's motion for sanctions is denied without prejudice.

6. In all other respects, Plaintiff's motion for protective order and for order compelling production of documents is denied.

cc: District Judge, S. James Otero
      Parties

|  | 0 | : | 0 |
|---|---|---|---|
| Initials of Preparer | mp | | |